IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-82149-TLS |
| | ) | |
| KENNETH PAUL PICK and | ) | CH. 13 |
| CHARLOTTE MARIE PICK, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

On December 15, 2008, this matter was presented to the Court on several motions: (i) a Motion to Approve Sale of Real and Personal Property filed by Debtors (Fil. #24), and Objections by Security National Bank (Fil. #25) and by creditor Carl Green (Fil. #27); (ii) a Motion for Relief from Stay filed by Security National Bank (Fil. #16), and an Objection by Debtors (Fil. #21); and (iii) a Motion for Relief from Stay filed by creditor Carl Green (Fil. #27), and an Objection by Debtors (Fil. #37). Howard T. Duncan appeared for Debtors, Richard P. Garden, Jr. appeared on behalf of Security National Bank, and Mr. Carl Green appeared pro se.

This Chapter 13 case was filed on August 25, 2008. Security National Bank holds the first deed of trust lien against Debtors' residence and adjacent real estate located in Cedar County and known as 56575 E. Highway 84, Hartington, Nebraska. Security National Bank also holds the first lien against farm equipment and other personal property of Debtors. On October 2, 2008, Security National Bank filed a motion for relief from stay to pursue its state law remedies against its collateral. Neither Debtors nor Mr. Green disputes the validity and priority of the liens claimed by Security National Bank.

Debtors acknowledge that the indebtedness of Security National Bank exceeds the value of the collateral securing it. Creditor Carl Green apparently holds the second lien on the same collateral by virtue of a judgment. Security National Bank is owed in excess of $390,000.00, and Mr. Green asserts that he is owed somewhere in excess of $200,000.00.

After Security National Bank filed its motion for relief from stay, Debtors filed a motion to approve a sale of real and personal property. Under that motion, Debtors proposed selling the farm equipment and other personal property for the sum of $28,845.00 and the real property for the sum of $350,000.00, and to distribute the net proceeds of the sale to their lienholders in the order of priority. The proposed purchaser is Debtors' son. Since the lien of Security National Bank exceeds the net proceeds of the sale, the bankruptcy estate would not receive any funds from the sale, nor would Mr. Green. Security National Bank and Mr. Green objected to the sale.[1] Security National Bank subsequently entered into a stipulation with Debtors (Fil. #41) withdrawing its objection to the sale and its objection to Debtors' plan as long as the proposed sale closed by December 15, 2008.

---

[1] Mr. Green actually filed a motion for relief from stay that contained within it an objection to the sale. *See* this Court's Order of November 25, 2008 (Fil. #45).

According to the stipulation, in the event the sale does not close by December 15, 2008, then relief would be granted to Security National Bank. However, the Order (Fil. #43) approving the stipulation terms and approving the sale was vacated when this Court entered its Order (Fil. #45) determining that Mr. Green's filing for relief from stay also constituted his objection to the sale. Therefore, on December 15, 2008, the motion to approve sale and the motions for relief were heard by this Court.

Debtors' motion is essentially a motion to sell the subject property free and clear of liens. Debtors do not dispute the validity and priority position of the liens of Security National Bank and Mr. Green. Debtors acknowledge that all the net sale proceeds will be paid to Security National Bank with no remaining funds to benefit the bankruptcy estate. Instead, the only benefit to the bankruptcy estate is that if the subject real property is sold to Debtors' son, they anticipate being able to lease back part of the property.

The authority to sell property free and clear of liens is set forth in 11 U.S.C. § 363(f). That section provides that property may be sold free and clear of liens only under five specified conditions: That section provides as follows:

> (f)    The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Security National Bank now supports the motion to sell. Mr. Green does not. Debtors and Security National Bank appear to agree that the motion does not fall within § 363(f)(1), (2), or (4). However, they argue that it could fall within § 363(f)(3) since they assert that Mr. Green's "lien" has no value to support it and, therefore, is not a lien at all. They also argue that it could fall within subparagraph (5) because, under a confirmed plan, Mr. Green's lien could be "stripped off" the property and the property sold free of his lien. Counsel for Debtors and Security National Bank also acknowledge that there is a split of authority as to the applicability of those subsections to this situation.

I find that it is unnecessary to decide whether 11 U.S.C. § 363(f)(3) or (5) could apply to a proposed pre-confirmation sale of assets free and clear of liens in a Chapter 13 case such as this. At the present time, the "value" of Mr. Green's "lien" has not been determined and there is insufficient evidence in the record for this Court to make such a determination. Further, Mr. Green's position is that he simply wants an opportunity to purchase the subject property for a price in excess

of the amount owed to Security National Bank, whether at the bank's trustee sale or through his own foreclosure efforts. The proposed sale to Debtors' son does not appear to have any financial benefit to the estate. On the other hand, if relief from stay is granted to Security National Bank and to Mr. Green, and if Mr. Green does purchase the property for a price greater than Debtors' son is apparently willing to pay, the potential unsecured deficiency claims against the estate are reduced. Debtors clearly have no equity in this property, and since they are planning to sell it, it is not necessary for an effective reorganization. Therefore, I find that cause exists to grant the motions for relief from stay filed by Security National Bank and by Mr. Green to enforce their state law rights in their collateral. However, Mr. Green's motion also appears to seek relief to pursue certain fraudulent transfer litigation in state court against Debtors. Since such litigation is properly the subject of an adversary proceeding in this Court, his request is denied.

IT IS, THEREFORE, ORDERED as follows:

1. The Motion to Approve Sale of Real and Personal Property (Fil. #24) is denied;

2. The Motion for Relief from Stay filed by Security National Bank (Fil. #16) is granted and the 10-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived; and

3. The Motion for Relief from Stay filed by creditor Carl Green (Fil. #27) is granted for the purpose of enforcing his rights in his collateral under state law and the 10-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived. However, to the extent his motion seeks the right to pursue other state court litigation against Debtors, it is denied.

DATED: December 18, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Howard T. Duncan
    *Richard P. Garden, Jr.
    Carl Green
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.