IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-82149-TLS |
| | ) | |
| KENNETH PAUL PICK and | ) | CH. 13 |
| CHARLOTTE MARIE PICK, | ) | |
| | ) | |
| Debtors. | ) | |

### **ORDER**

Hearing was held in Omaha, Nebraska, on January 20, 2009, on a Motion to Approve Sale of Real and Personal Property filed by Debtors (Fil. #63), and an Objection by creditor Carl Green (Fil. #70). Howard T. Duncan appeared for Debtors, Richard P. Garden, Jr. appeared on behalf of Security National Bank, and Mr. Carl Green appeared pro se.

By way of background, this is the third time this matter has been in front of the Court. As a result of a hearing held on November 24, 2008, an Order (Fil. #45) was entered which, among other things, found that Mr. Green had adequately objected to Debtors motion to approve sale of real and personal property and determined that the motion should be set for hearing. On December 15, 2008, a hearing was held on the sale motion (Fil. #24), as well as a Motion for Relief from Stay by Security National Bank (Fil. #16), and a Motion for Relief from Stay by Mr. Carl Green (Fil. #27). As a result of that hearing, this Court entered its Order (Fil. #56) on December 18, 2008, denying the motion to approve sale of real and personal property and granting the two motions for relief from stay.

On December 12, 2008, Debtors filed their Objection (Fil. #53) to the claim of Mr. Carl Green d/b/a Signature Capital. The objection was based on a lack of value in any collateral securing Mr. Green's claim above and beyond the amount due to the first lienholder, Security National Bank. The objection to claim included a resistance deadline of January 2, 2009. Mr. Green did not file a resistance, and on January 7, 2009, the objection to claim was granted due to the lack of timely resistance (Fil. #62) .

On January 8, 2009, Debtors filed a further Motion to Approve Sale of Real and Personal Property (Fil. #63), and Mr. Green subsequently filed his Objection (Fil. #70). The motion and objection were heard on January 20, 2009.

Debtors' position is that by virtue of the objection to claim, which was granted, Mr. Green no longer has a valid lien secured by the real and personal property that are the subject of the sale motion. Therefore, Mr. Green's consent to the sale is not necessary under 11 U.S.C. § 363(f). Further, Security National Bank, which does have a lien on the subject property, supports the sale.

Mr. Green stated that he felt it was not necessary to resist the claim objection since this Court had granted him relief from the automatic stay to pursue his state law remedies against the collateral and since he filed an adversary proceeding which, among other things, seeks to impose a

"constructive trust" on the real and personal property of Debtors. What Mr. Green and the other participants failed to mention is that at the hearing on December 15, 2008, this Court specifically asked Mr. Green if he resisted Debtors' objection to his claim, to which he replied "I resist, your Honor." Therefore, Mr. Green did resist Debtors' objection on the record, and the objection should not have been granted. Accordingly, the Order granting the objection to Mr. Green's claim (Fil. #62) should be vacated and the objection and resistance set for hearing. Also, since the value of Mr. Green's lien has not yet been determined, and since he has objected to the sale, the Motion to Approve Sale of Real and Personal Property (Fil. #63) should be denied.

IT IS, THEREFORE, ORDERED as follows:

1. The Order (Fil. #62) granting the objection to claim of Signature Capital is hereby vacated;

2. The Objection to claim of Carl Green d/b/a Signature Capital (Fil. #53) shall be set for hearing by separate order; and

3. The Motion to Approve Sale of Real and Personal Property (Fil. #63) is denied.

DATED: January 22, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
*Howard T. Duncan
*Richard P. Garden, Jr.
Carl Green
Kathleen Laughlin
U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.